### In re HENDERSON.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

ATTORNEY AND CLIENT (§ 44*)—PROFESSIONAL MISCONDUCT—DELAY IN MAKING PAYMENTS.

    Long delay of an attorney for an estate, notwithstanding frequent demands, to pay to the referee and stenographer on the accounting of the executors the amounts allowed them by the decree, and which the executor had given him to pay to them, in the absence of any charge that he actually appropriated the money to his own use, is not such professional misconduct as to require the court to proceed further than to express disapproval of his act.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55–62; Dec. Dig. § 44.*]

Petition of the Bar Association of the City of New York to discipline Henry C. Henderson, an attorney, for professional misconduct. Proceeding dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and MILLER, JJ.

Einar Chrystie, for petitioner.
Joseph S. Wood, for respondent.

PER CURIAM. The respondent is charged with professional misconduct in having received from the estate of Elizabeth H. Sias, for which he was attorney, two sums of money, one of $150 and the other of $138, as the fees of the referee and stenographer on an accounting of the executors of such estate, which sums had been allowed to the referee and stenographer by a decree of the Surrogate's Court, and which the executors had given to the respondent to be paid to the referee and stenographer, pursuant to the decree of the surrogate.

The services were rendered prior to April 15, 1910. About May 1, 1910, the decree was entered, which allowed to the referee $150 and to the stenographer $135; and about that time the executors paid to the respondent these two sums of money. The referee made several demands, both orally and in writing, upon the respondent for his

fee in July and August, 1910, of which the respondent took no notice until September 26, 1910, when the respondent paid the referee. The stenographer also made various demands for fees allowed to him by the decree of the surrogate, but the respondent failed to pay him until January 13, 1911. There is no charge that the respondent actually appropriated this money to his own use; the charge being that the respondent, having received the money about May 1, 1910, from his clients, to be paid to the referee and the stenographer as directed by the decree of the surrogate, failed to pay the money that he had received, although these sums had been frequently demanded of him. The respondent admits the delay in the payment of these sums, stating that he was careless in not making such payments promptly, but alleges in excuse that he was deeply engrossed in other important matters at the time, which required his careful attention and demanded his presence in other parts of the state.

The referee and stenographer were by the decree of the surrogate entitled to receive the sums of money specially allowed for the services that they had rendered, and it was clearly the duty of the respondent, after he had received the money from the executors of the estate, to discharge the direction of the surrogate and make the payments promptly. He certainly was not authorized to retain the money which he had received for the specific purpose of being applied to the payments directed to be made by the surrogate's decree; but, in the absence of any charge that the respondent had actually appropriated the money to his own use, it does not appear to be such professional misconduct as requires the court to proceed further in this proceeding than to express its disapproval of the act of the respondent in failing to promptly comply with the decree of the surrogate and make the payments therein provided, when he had been furnished money by his clients for that purpose.

With this expression of our opinion, the proceeding will be dismissed.